UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARQUISE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CV-106-TAV-SKL |
| | ) |
| HENRY BELL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

After the Court's initial review of Plaintiff's pro se amended complaint for violation of 42 U.S.C. § 1983 [Doc. 5], this action proceeded only as to Plaintiff's claim against Defendant Rather, in his individual capacity, for injunctive relief arising out of the allegation that this Defendant did not reasonably address Plaintiff's allegations that an inmate had threatened Plaintiff's life, had a knife, and had tampered with his own cell door in a manner that allowed him to open it from within and created an ongoing threat to Plaintiff's safety [Doc. 8 p. 1, 7–8, 11–12]. And after Defendant Rather died [Doc. 23], Plaintiff filed a motion to substitute Defendant Bell as Defendant in this matter [Doc. 25], which the Court granted [Doc. 26].

Now before the Court is Defendant Bell's motion to dismiss the complaint for failure to state a claim [Doc. 37] and supporting memorandum [Doc. 38]. In these filings, Defendant Bell seeks dismissal of this action because (1) the complaint does not allege that he was personally involved in the incidents underlying the complaint and (2) any claim against him would be untimely [Docs. 37, 38]. Plaintiff filed a response indicating that he

does not oppose Defendant Bell's motion [Doc. 47]. For the reasons set forth below, Defendant Bell's motion to dismiss [Doc. 37] will be **GRANTED** and this action will be **DISMISSED**.

## I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

## II. ANALYSIS

The Court has reviewed Plaintiff's amended complaint [Doc. 5], which is the operative complaint in this action, and the memoranda Plaintiff filed in support thereof [Docs. 6, 6-1]. The amended complaint does not name Defendant Bell as a Defendant, and

2

Case 1:19-cv-00106-TAV-SKL   Document 48   Filed 11/05/21   Page 2 of 3   PageID #: 285

as no allegations in the complaint or supporting memoranda allow the Court to plausibly infer that Defendant Bell "directly participated, encouraged, authorized[,] or acquiesced" in any violation of Plaintiff's constitutional rights, the complaint fails to state a claim upon which relief may be granted under § 1983 as to him. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). And, rather than seek to amend his complaint to make allegations against Defendant Bell, Plaintiff has chosen not to oppose Defendant Bell's motion to dismiss this action [Doc. 47].

### III. CONCLUSION

Accordingly, for good cause shown therein and in light of Plaintiff's lack of any opposition thereto, Defendant Bell's motion to dismiss Plaintiff's complaint for failure to state a claim [Doc. 37] will be **GRANTED** and this action will be **DISMISSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and thus Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3